BRADY v. RELIANCE MOTION PICTURE CORP. et al.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 192.

COPYRIGHTS ☞85—SUITS FOR INJUNCTION—RIGHT TO RELIEF.

> Rev. St. § 4955, provided that copyrights should be assignable and that the assignment should be recorded in the office of the librarian of Congress within 60 days after its execution, in default of which it should be void as against any subsequent purchaser for a valuable consideration without notice. The publisher of a story had it copyrighted, and released the motion picture rights to corporations, which laid out a large sum of money in constructing a moving picture film of the story, made contracts for its exhibition, and had it generally exhibited. The author sued to enjoin them from selling, leasing, or using the moving picture films, and to compel the publisher to assign all rights in the copyright, except the right of serial publication to him. He contended that the copyright taken out covered all rights, that he conferred the whole copyright privilege on the publisher, but that the publisher held it as trustee for him as to all rights other than that of serial publication. *Held* that, assuming these contentions to be true, a preliminary injunction was properly denied, in the absence of any showing of actual or constructive notice on the part of the film companies, as they could surely be no worse off than if the publisher had actually assigned such rights to the author, and moreover, independent of statute, one clothing another with apparent ownership, though actually as trustee, cannot defeat the title of those who in good faith, for a valuable consideration, and without notice deal with the trustee.

> [Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. ☞85.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Cyrus Townsend Brady against the Reliance Motion Picture Corporation and others. From an order denying a preliminary injunction in a copyright case, complainant appeals. Affirmed.

W. M. Seabury, of New York City, for appellant.

Nicoll, Anable, Lindsay & Fuller, of New York City (T. S. Fuller and Mortimer Boyle, both of New York City, of counsel), for appellee Munsey Company.

W. N. Seligsberg, of New York City, for appellee Reliance Motion Picture Corporation.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. July 16, 1906, the complainant, author of a story called "The Child of God," signed the following document:

*July 16th, 1906.*

Received from Frank A. Munsey $240.00 in payment for manuscript and copyright of *"A Child of God"* (4,800 words at 5c. per word).

*Received above $240.00.    Thank you very much.*

*Cyrus Townsend Brady.*

. 7/18/06

Please receipt and return.

Please sign this receipt and return it to Frank A. Munsey, 111 Fifth Ave., New York. Unless expressly otherwise stipulated, all MSS. drawings, etc., sold to Frank A. Munsey are purchased with copyright and all rights.

*Author reserves right of book publication and dramatic rights, if any, after serial publication is completed.* 7/18/06.          *C. T. Brady.*

The words underscored were written.

March 25, 1907, the defendant, the Frank A. Munsey Company, printed the story in its serial number of Munsey's Magazine for May and duly copyrighted the periodical. April 25, 1907, prior to the publication of the May number, the Munsey Company deposited two copies in the office of the librarian of Congress. December 22, 1914, the Munsey Company released the picture rights in the story to the defendant Mutual Film Corporation. The Mutual Company subsequently employed the defendant Reliance Motion Picture Corporation to construct a moving picture film of the story. It laid out in this way a large sum of money, made contracts with other parties for exhibition of the film throughout the country, and it has already been very generally exhibited.

The complainant filed this bill, praying that the defendant the Munsey Company might be required to reassign to him all rights in and to the copyright, except the right of serial publication; that the other defendants be enjoined from selling, leasing, or using the moving picture films; and that all the defendants be required to account to him for damages and profits.

The single question before us for consideration is whether Judge Hough was right in refusing to grant a preliminary injunction. It will not be necessary to consider the averments of the affidavits as to good or bad faith made by the complainant and the defendant Munsey Company, respectively, or as to notice or absence of notice, actual or constructive, made by the complainant and the film companies, respectively, because upon the theory of law stated by the complainant himself the order will be affirmed.

The complainant contends that the copyright taken out by the Munsey Company covered all rights, and that he did confer the whole copy-

right privilege upon it to hold the same for its own benefit as to serial publication and as trustee for him as to all other rights. Assuming these premises, the complainant could have required the Munsey Company, at least after serial publication in 1907, to reassign to him all the other rights. Had this been done, such assignment would have been void as against subsequent purchasers or mortgagees without notice, for a valuable consideration, unless recorded in the office of the librarian of Congress within 60 days after its execution. Rev. Stat. U. S. § 4955; Photo Drama Co. v. Social Uplift Corporation, 220 Fed. 448, 137 C. C. A. 42. Such persons can surely not be worse off when no actual assignment whatever has been made. Moreover, without reference to any statute, when one clothes another with apparent ownership, though actually as trustee, he cannot defeat the title of those who in good faith, for a valuable consideration, and without notice deal with the trustee. Cowdrey v. Vandenburgh, 101 U. S. 572, 25 L. Ed. 923. Actual notice to the film companies is not pretended,·and we discover no sufficient evidence of constructive notice to justify the issuance of a preliminary injunction against them or either of them.

The order is affirmed.