### BRADY v. RELIANCE MOTION PICTURE CORP. et al.

(District Court, S. D. New York. February 5, 1916.)

1. COPYRIGHTS ⬤⟶50—SUITS FOR INFRINGEMENT—BONA FIDE PURCHASER.

The purchaser of the dramatic rights in a copyrighted publication from the publisher, who holds the record title to the copyright, is not bound to inquire as to the latter's contract with the author, and takes title free from a trust under which the copyright was taken, unless he had either actual knowledge of it or of facts which should have put him on inquiry.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 47, 49; Dec. Dig. ⬤⟶50.]

2. EQUITY ⬤⟶142—PLEADING—ALTERNATIVE ALLEGATIONS.

A bill may properly allege on information and belief, in the alternative, that defendant had actual knowledge or constructive notice of an essen-

tial fact, where the complainant has no means of knowing the facts as to such knowledge or notice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 332–337; Dec. Dig. ☞142.]

In Equity. Suit by Cyrus Townsend Brady against the Reliance Motion Picture Corporation, the Mutual Film Corporation, and the Frank A. Munsey Company. On motion to dismiss bill. Sustained as to Reliance Motion Company, and overruled as to Mutual Film Company.

See, also, 229 Fed. 137, —— C. C. A. ——.

William M. Seabury, of New York City, for plaintiff.

Walter N. Seligsberg, of New York City, for defendant Reliance Motion Picture Corp.

Herbert P. Luce, of New York City (Walter N. Seligsberg and Clarence E. Sterrett, both of New York City, of counsel), for defendant Mutual Film Corp.

MAYER, District Judge. The motion of defendants Mutual Film Corporation and Reliance Motion Picture Corporation is to dismiss the complaint upon either of two grounds: (1) That the dramatic rights were never copyrighted, and are therefore in the public domain; or (2) if the dramatic rights were copyrighted, they were held in trust by defendant Frank A. Munsey Company, and the defendants Mutual Film Corporation and Reliance Motion Picture Corporation were bona fide purchasers for value and without notice of the trust.

Heretofore a motion for preliminary injunction was denied by the District Court, and an appeal was taken to the Circuit Court of Appeals. Judge Ward, in an opinion recently filed (229 Fed. 137, —— C. C. A. ——), states succinctly the facts and they need not be here repeated. He says:

"The single question before us for consideration is whether Judge Hough was right in refusing to grant a preliminary injunction."

As in all applications for preliminary injunction, affidavits were submitted by both sides in addition to the pleading. On this motion the court, of course, may consider only the pleading.

On the complaint I am of opinion that it cannot be held that the dramatic rights are in the public domain. Although in these later days many authors have become good business men, yet many others still remain impractical, inexpert in financial matters, and thoroughly unacquainted with the technique and procedure of the law so far as concerns their rights. It would be, indeed, a very narrow view of the law, and tend to work injustice, for the court to hold that, because a trustee had breached his trust, the author as against the rest of the world should be deprived of rights which he never intended to transfer or release to the public domain.

The complaint, therefore, cannot be dismissed upon the first ground, and for the purposes of this motion it must be assumed that the complaint sets forth that the copyright by the Munsey Company covered all rights, and that plaintiff conferred the whole copyright privilege upon the Munsey Company, to hold the same for its own benefit as to serial publication and as trustee for him as to all other rights.

With this assumption it follows, as Judge Ward pointed out, that plaintiff could have required the Munsey Company to reassign to him all the other rights, and, had this been done, such assignment would have been void as against subsequent purchasers or mortgagees without notice for a valuable consideration, unless recorded in the office of the Librarian of Congress as the Copyright Law then required. Rev. Stat. U. S. § 4955.

Before the defendant film companies can be held, it must appear that they had either actual knowledge or constructive notice of the agreement between plaintiff and the Munsey Company. It is true that Judge Ward, in his opinion, states: "Actual notice to the film companies is not pretended." But I cannot assume this conclusion upon the complaint before me. The Circuit Court of Appeals undoubtedly was satisfied that no actual notice had been given because of failure to produce proof thereof in the affidavits submitted on the motion for preliminary injunction; but, in construing the complaint, I am not permitted to go behind its allegations and the necessary inferences therefrom.

Judge Ward also said:

"We discover no sufficient evidence of constructive notice to justify the issuance of a preliminary injunction against" the film companies.

This language would indicate that the film companies could be held if, from existing facts within their knowledge, notice could be construed. In other words, the film companies can be made liable (if there is liability) if they actually knew, or from existing facts within their knowledge were bound to know, of the existence of the so-called trust agreement between plaintiff and the Munsey Company. On examination of the pleading it is found that notice is alleged in paragraph 11 as follows:

"11. And upon information and belief your complainant alleges that the defendant the Mutual Film Corporation, in dealing with and in endeavoring to acquire from the defendant the Frank A. Munsey Company the right to dramatize said short story and to produce the dramatization thereof in motion pictures or otherwise, had actual knowledge or constructive notice of your complainant's aforesaid rights in the premises by reason of the fact that said defendant Mutual Film Corporation then knew, or by the exercise of reasonable prudence and caution and by inquiry of the defendant the Frank A. Munsey Company or of the complainant could easily have ascertained, the existence of your complainant's said rights and of the fact that the said defendant the Frank A. Munsey Company neither then nor at any time had any right or authority to sell or dispose of the right to dramatize said work or to produce the dramatization thereof in moving pictures or otherwise. And in this connection your complainant alleges upon information and belief that the defendants at all said times knew that the complainant was the author of said literary work; that the defendant the Frank A. Munsey Company was not the author thereof, and did not pretend to be, and that the only rights of the said defendant the Frank A. Munsey Company in and to the copyright covering the said short story of your complainant was necessarily derived from an agreement between said defendant as publisher and your said complainant as author; and that the terms of the said publisher's authority to deal with the said copyright when secured were necessarily confined and restricted by the terms of said contract or assignment from your said complainant to said publisher, which said contract and assignment was at all times open to inspection by the defendants, or either of them, upon re-

quest either to the defendant the Frank A. Munsey Company or to your complainant, which said contract disclosed upon its face the rights of your complainant as aforesaid and the total absence of any right or authority in the defendant the Frank A. Munsey Company to sell any rights derived from said copyright to said defendants, except the right to print and publish the said story in serial form as aforesaid. And the complainant alleges that neither said defendant the Reliance Motion Picture Corporation nor the Mutual Film Corporation ever made any request upon the complainant for an inspection of said contract or for any other information whatsoever concerning your complainant's rights in the premises."

What, in effect, is alleged on information and belief, as to the Reliance Company, is that it knew that plaintiff was the author of the work, that the rights of the Munsey Company were "necessarily" derived from the agreement between the Munsey Company and plaintiff, and that the terms of the authority to the Munsey Company to deal with the copyright, when secured, were necessarily confined and restricted by the terms of the contract or assignment from plaintiff to Munsey, and that this paper was at all times open to inspection by the Reliance Company.

[1] What this allegation amounts to is that, where a publisher copyrights a work of an author, there must of necessity exist some arrangement between them, and that, perchance, the author may have reserved something undisclosed which the person dealing with the owner of the copyright should have suspected, although an examination of the record title provided for by law shows good title. This, to my mind, would place a duty upon a person dealing with the owner of a copyrighted work which the law never contemplated, and which, from the standpoint of commercial requirements, would be unjust and seriously hamper legitimate dealings.

Of course, a cautious purchaser may require all sorts of assurances from the owner of the copyright, and thus, perhaps, avoid unexpected litigation; but I am unable to follow the reasoning which requires a person dealing with the owner of a copyright to rely on anything more than the statute requires, unless, of course, either actual notice has been given or some facts are within his knowledge from which he is put upon his inquiry.

The various parts of paragraph 11, when read together, and especially as illuminated by the use of the word "necessarily," do not suggest that the Reliance Company had any knowledge of any fact, but amount merely to a conclusion that because the author did not copyright the work and the magazine publisher did, therefore the Reliance Company must assume that the filed copyright did not truly show who was the owner thereof.

As actual knowledge is not alleged against the Reliance Company, the complaint must be dismissed as to that defendant.

Actual knowledge, however, is charged against the Mutual Film Corporation, and constructive notice "by reason of the *fact* that said *defendant then knew*" the existence of plaintiff's rights is likewise charged. While the complaint remains in this condition, it cannot be dismissed against the defendant Mutual Film Corporation.

[2] Defendant urges that Falk v. Howell (C. C.) 34 Fed. 739, is

authority for the proposition that the alternative pleading must be held bad. In that case the facts were, or should have been, within the knowledge of the plaintiff, and clearly it was his duty to set forth an accurate compliance with statutory requirements. Here, however, this defendant must be better informed than the plaintiff as to whether it had actual knowledge or constructive notice, either of which (properly inferred from facts) would make the Mutual a proper party defendant. Of course, it would save everybody time and expense if, whatever the fact is, the complaint could set it forth; but that is a matter for the attorneys to deal with.

On the face of the complaint, a dismissal cannot be had in favor of the Mutual. Settle order on two days' notice.

If plaintiff desires to amend the complaint as against Reliance Company, he will be permitted so to do on the payment of costs. If he does not, then the complaint will be dismissed, without costs.